UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61320-CIV-ZLOCH

HILLARY SAMUELS,

    Plaintiff,

vs.

M&T TRANSPORTATION, INC.,

    Defendant.

_____/

**DEFAULT FINAL JUDGMENT
Re: DAMAGES AS TO
DEFENDANT M&T
TRANSPORTATION, INC.**

THIS MATTER is before the Court upon Plaintiff's Renewed Motion For Default Final Judgment (DE 39).  The Court has carefully reviewed said Motion, the entire Court file and is otherwise fully advised in the premises.

Plaintiff's Complaint (DE 1) alleges two violations of Title VII of the Civil Rights Action of 1964, 42 U.S.C. §§ 2000e, et seq., specifically, one count of sexual harassment and one count of retaliation.  The facts and procedural history of the above-styled cause are set out in the Court's prior Order (DE 31).  In said Order the Court entered Default Final Judgment as to Defendant M&T Transportation, Inc., as to liability only and ordered Plaintiff to file a Motion For Final Judgment as to damages, supported by Exhibits and Affidavits.  Thereafter, Plaintiff filed the instant Motion (DE 39).  By said Motion, Plaintiff seeks $335.10 in back wages, $50,000 in compensatory damages, and $50,000 in punitive

damages.   Each,  respective  award  sought  by  Plaintiff  will  be
addressed in turn.

An employee may recover back wages if the Court finds that the
defendant  has  intentionally  engaged  in  an  unlawful  employment
practice, as charged in the complaint.  See 42 U.S.C. § 2000e-5(g);
42 U.S.C. § 1981a.  Plaintiff is seeking $335.10 in back pay, the
amount she would have received from Defendant had she not been
suspended  for  the  week  of  July  4,  2013,  as  a  result  of  her
complaints of harassment.  See DE Nos. 39-4, ¶ 5; 39-6, ¶ 20.  The
Court  finds  this  recovery  is  proper  and  will  award  Plaintiff
$335.10 in back wages.

Pursuant to 42 U.S.C. § 1981a, a plaintiff may recover non-
economic  compensatory  damages  for  "future  pecuniary  losses,
emotional pain, suffering inconvenience, mental anguish loss of
enjoyment of life, and other nonpecuniary losses . . . ."   42
U.S.C. § 1981a(b)(3) (in relevant part).  The Court notes that such
an award "shall not include backpay [or] interest on backpay."  42
U.S.C. § 1981a((b)(2).  Plaintiff's uncontroverted Affidavit (DE
39-4) indicates that she has suffered emotionally as a result of
Defendant's actions.   Accordingly, the Court finds that she is
entitled to compensatory damages.

Section 1981a of the United States Code further provides that
a plaintiff may recover punitive damages against a defendant if the
plaintiff  "demonstrates  that  the  [defendant]  engaged  in  a

discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."  Plaintiff's Affidavit indicates that she requested of management a change in shift or location in which should would not come in contact with her harasser, Martin Hernandez, but said request was denied.  DE 39-4, at ¶ 6.  She further affirms that she was suspended for a week without pay because of her complaints about Mr. Hernandez.  Id., at ¶ 5.  Additional employees began to harass, threaten, or avoid her.  Id., at ¶¶ 7-8.  Ultimately, Plaintiff asserts that she "had to quit [her] job with [Defendant] because of the stress and dread [she] had from working with [her harasser] every day."  Id., at ¶ 9.  The Court finds sufficient evidence to merit an award of punitive damages.

Plaintiff seeks $50,000 in compensatory damages and an additional $50,000 in punitive damages.  The amount of recovery for non-economic damages in a Title VII action, however, is statutorily capped, based on the amount of employees employed by a defendant "in each of 20 or more calendar weeks in the current or preceding calendar year . . . ."  42 U.S.C. §§ 1981a(b)(3)(A)-(D).  "The sum of the amount of compensatory damages . . . and the amount of punitive damages . . . shall not exceed" . . . $50,000 if the defendant employs more than 14 and fewer than 101, or $100,000 if the defendant employs more than 100 and fewer than 201 employees,

respectively, during the aforementioned time period.  42 U.S.C. §§ 1981a(b)(3)(A), (B) (emphasis added) (in relevant part).

With regard to the number of Defendant's employees, Plaintiff's Affidavit states as follows:

> It is my belief that M & T Transportation employed approximately 200 people.  While I am not certain as to the actual number, I am  certain that there were more than 15 employees at M & T Transportation during the time I was employed there.

DE 39-4, 15.

The Court notes the large discrepancy between the number of people Plaintiff is "certain" that Defendant employed and the "approximate" number Plaintiff "believes" Defendant employed.  For example, it is one thing to be certain that an employer has ninety-eight (98) employees and provide a "belief" that the employer may have a total of one-hundred (100) employees; it is quite another to know with absolute certainty that Defendant employs only fifteen (15) people and simultaneously conjecture that Defendant may also employ an additional one-hundred and eighty-five (185) people.  Therefore, the Court will order an award of $25,000.00 in compensatory and $25,000.00 in punitive damages, in accord with 42 U.S.C. § 1981a(b)(3)(A), the statutory cap for the sum of compensatory and punitive damages for a defendant employing more than 14 and fewer than 101 employees.  42 U.S.C. § 1981(b)(3)(A).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.   The Court has jurisdiction over the parties hereto and

the subject matter herein;

2. Plaintiff's Renewed Motion For Default Final Judgment (DE 39) be and the same is hereby **GRANTED** in part and **DENIED** in part;

3. Plaintiff does have and recover $335.10 in back wages, together with interest thereon at a rate of 0.10% per annum, $25,000 in compensatory damages, and $25,000 in punitive damages from Defendant M&T Transportation, Inc., for all of which let execution issue;

4. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot; and

5. The Court shall retain jurisdiction solely for the purpose of entertaining a Motion For Attorney's Fees And Costs that comports with the dictates of Local Rule 7.3.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___17th___ day of June, 2014.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

M & T Transportation, Inc., <u>PRO SE</u>
c/o Mark Higgs, President
150 SW 40th Street
Fort Lauderdale, FL 33315